IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiffs,

v.                                                          No. 16-0258-DRH

LANA Y. DANIELS,

Defendant.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Pending before the Court is Lana Y. Daniels' motion to stay legal proceedings and dismiss civil case (Doc. 26). In this motion, Daniels contends that she has given to "Steven Zachman through Affidavit Notice of Appointment of Conservator Rights" and that the case against her should be dismissed "for the same reasons that the said case was dropped against Codefendant Zachman." Obviously, the government opposes the motion (Doc. 27). Based on the following, the Court denies the motion and directs the Clerk of the Court to enter judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) as requested by the government.

On March 10, 2016, the government filed suit against Steven Zachman and Lana Y. Daniels for fraudulent transfer pursuant to 28 U.S.C. § 3301 (Doc. 1). This case stems from Zachman's criminal case wherein he was ordered to pay a special assessment in the amount of $100 and a fine of $15,000, which constitutes debt owed to the United States. *See United States v. Zachman*,

Page **1** of **4**

15-CR-30042-DRH; Doc. 34. Currently, Zachman is incarcerated in the Federal Bureau of Prisons. In essence, the Complaint alleges that Zachman and/or Daniels electronically transferred funds from Zachman's bank account to "Daniels with the actual intent to hinder, delay and/or defraud his creditor, the United States. … Defendant Zachman's transfers of funds to Defendant Daniels constitute fraudulent transfers under 28 U.S.C. § 3301-07 because they were intended to prevent the United States from being able to garnish his bank account at USAA Federal Savings Bank to satisfy his debt." (Doc. 1, ps. 2-4).

On April 19, 2016, the government moved for entry of default against Daniels as Daniels failed to plead or otherwise defend within the 21day allowed period (Doc. 16). The next day, the Clerk entered the default entry (Doc. 17). Thereafter, on April 27, 2016, the government filed its notice of voluntary dismissal without prejudice as to Steven Zachman (Doc. 19) and the Court dismissed without prejudice the cause of action against Zachman only on April 28, 2016 (Doc. 20). On May 5, 2016, the government filed a request for clerk's entry of default judgment against defendant Lana Y. Daniels (Doc. 21). In response to that motion, Daniels filed the motion at bar.

Here, Daniels, through Zachman, argues that dismissal is proper because Zachman is not in default of the fine and assessment debt from his criminal case. Daniels is wrong. The Court finds that its holding in Zachman's criminal case regarding the fine is applicable here. Specifically, the Court held:

> "enlistment in the IFRP to pay his fine, special assessment and

> restitution judgment does not preclude the government from pursuing its judgment debt. Furthermore, the judgment entered against Zachman states under 'Special Conditions,' that '*The defendant shall pay any financial penalties which are due and payable immediately.* If the defendant is unable to pay them immediately, any amount remaining unpaid when supervised release commences will become a condition of supervised release and be paid in accordance with the Schedule of Payments sheet of the judgment based on the defendant's ability to pay.' (Doc. 34 p. 5) (emphasis added). The Court also highlighted this condition at sentencing by stating that the 'fine is due immediately' (Doc. 42, p. 35). Therefore, the payment plan in this case is to be construed as a minimum obligation of Defendant Zachman for payment of his court-ordered fine."

*Zachman*, 15-CR-30042-DRH; Doc. 44. In addition, Daniels has not made any arguments as to why this case should be stayed and dismissed. The Court notes that she does not offer a valid explanation as to why she did not respond timely to the allegations contained in the complaint.[1]

Lastly, Daniels' attempt to appoint Zachman as her conservator to handle this litigation has no merit. Zachman cannot represent Daniels. A non-lawyer cannot represent anyone other than himself in court. *See Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). Thus, the Court **WARNS** Zachman that he may not file things as if he was a licensed attorney. The failure to follow this

---

[1] She states: "Zachman filed a joint response for both himself and Defendant Daniels within the required response deadline for either party despite a nearly 3 week difference in process of service times." (Doc. 26, ¶ 7). A review of the record before the Court reveals that Zachman did not file such a pleading.

admonishment will result in sanctions.

Accordingly, the Court **DENIES** Daniels' motion to stay legal proceedings and dismiss civil case (Doc. 26).  Lastly, the Court **DIRECTS** the Clerk of the Court to enter judgment pursuant to Rule 55(b)(1) in relation to government's motion (Doc. 21).

**IT IS SO ORDERED.**

Signed this 15th day of June, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.06.15 16:47:32 -05'00'

**United States District Judge**