**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **CIVIL NO. 16-cv-0258-DRH**

**LANA DANIELS,**

**Defendant.**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Pending before the Court is Daniels' motion to proceed on appeal without prepaying fees or costs (Doc. 42). Based on the following, the Court **DENIES** the motion.

On March 10, 2016, the government filed suit against Steven Zachman and Lana Y. Daniels for fraudulent transfer pursuant to 28 U.S.C. § 3301 (Doc. 1). This case stems from Zachman's criminal case wherein he was ordered to pay a special assessment in the amount of $100 and a fine of $15,000, which constitutes debt owed to the United States. *See United States v. Zachman*, 15-CR-30042-DRH; Doc. 34. Currently, Zachman is incarcerated in the Federal Bureau of Prisons. In essence, the Complaint alleges that Zachman and/or Daniels electronically transferred funds from Zachman's bank account to "Daniels with the actual intent to hinder, delay and/or defraud his creditor, the United States. …

Defendant Zachman's transfers of funds to Defendant Daniels constitute fraudulent transfers under 28 U.S.C. § 3301-07 because they were intended to prevent the United States from being able to garnish his bank account at USAA Federal Savings Bank to satisfy his debt." (Doc. 1, ps. 2-4).

On June 16, 2016, the Court denied Daniels' motion to stay finding, *inter* alia, that "Daniels has not made any arguments as to why this case should be stayed and dismissed. The Court notes that she does not offer a valid explanation as to why she did not respond timely to the allegations contained in the complaint." (Doc. 29)(footnote omitted). The Court also directed the Clerk of the Court to enter judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) in relation to the government's motion for default judgment (Doc. 29). Judgment was entered that day (Doc. 30).

The Court finds that Daniels has not demonstrated that she is entitled to appeal IFP. Pursuant to 28 U.S.C. § 1915, an indigent party may bring an appeal, without payment of the usual fees, upon submission of an affidavit asserting that the indigent party "is unable to pay such fees or give security therefor" and stating "the nature of the . . . appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Rule 24 of the Federal Rules of Appellate Procedure provides that a party to an action in federal district court who desires to appeal IFP must first file a motion in the district court requesting leave to appeal without payment of fees and costs. *See* Fed. R. App. P. 24(a)(1). The motion must be supported by an affidavit that: (1) shows the party's inability to

pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See id*. An appeal may not be taken IFP if the district court certifies in writing that the appeal is not taken in good faith. *See* 28 U.S.C.§ 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444 (1962). An appeal is in good faith if it raises legal points that are reasonably arguable on their merits. *See Neitzke v. Williams*, 490 U.S.319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)). To appeal in bad faith, on the other hand, means to appeal "on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

The Court finds that Daniels' appeal is not taken in good faith. While the Court finds that Daniels is indigent, her motion to proceed in forma pauperis is insufficient. Neither her notice of appeal nor her motion to proceed in forma pauperis claim an entitlement to redress or state the issues she intends to present on appeal. The Court also notes that her notice of appeal appears to be untimely.[1]

Accordingly, the Court denies Daniel's request for leave to proceed IFP on appeal and certifies that her appeal is not taken in good faith. However, the Court reminds Daniels that, by filing her notice of appeal, she has incurred the obligation to pay the $505 appellate filing and docketing fee in full. *See Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998); *Newlin v. Helman*, 123

[1] Her notice of appeals states that she originally submitted a notice of appeal on "13 June 2016" (Doc. 41, p. 2). The Court finds this perplexing as Judgment was entered and the case was closed on June 16, 2016 (Doc. 30).

F.3d 429, 434-35 (7th Cir. 1997), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).

The Court **DENIES** Daniels' motion to proceed in forma pauperis on appeal (Doc. 42). Pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that Daniels' appeal in this case is not taken in good faith. Daniels shall tender the appellate filing and docketing fee of $505 to the Clerk of Court in this District within thirty (30) days from the date of entry of this Order, or Daniels may reapply to the United States Court of Appeals for the Seventh Circuit for leave to proceed IFP on appeal. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

**DATED: December 9, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.12.09 14:54:00 -06'00'

**United States District Judge**